1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    HENRY A. JONES,                          Case No.: 1:24-cv-00997-SKO

12                    Plaintiff,               **FINDINGS AND RECOMMENDATIONS TO
                                               DENY APPLICATION TO PROCEED** *IN*
13          v.                                 *FORMA PAUPERIS*

14    BANSAL MANU, et al.,                      (Doc. 2)

15                    Defendants.              **14-DAY OBJECTION PERIOD**

16                                             Clerk of the Court to Assign District Judge

17

18          Plaintiff Henry A. Jones is proceeding pro se in this civil rights action pursuant to 42

19    U.S.C. § 1983. On August 22, 2024, Plaintiff filed an Application to Proceed *In Forma Pauperis*

20    (IFP). (Doc. 2.)

21          Because Plaintiff has accrued three or more "strikes" under section 28 U.S.C. § 1915 and

22    fails to show that he is under imminent danger of serious physical injury, the Court will

23    recommend that his IFP application be denied.

24    **I.      THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

25          28 U.S.C. § 1915 governs IFP proceedings. The statute provides that "[i]n no event shall a

26    prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior

27    occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

28    the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

1  a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

2  physical injury." 28 U.S.C. § 1915(g).

3      In determining whether a case counts as a "strike," "the reviewing court looks to the

4  dismissing court's action and the reasons underlying it…. This means that the procedural

5  mechanism or Rule by which the dismissal is accomplished, while informative, is not

6  dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

7  **II.     DISCUSSION**

8      The Court takes judicial notice[1] of several prior lawsuits filed by Plaintiff in this Court,

9  other district courts in this Circuit, and in the Ninth Circuit Court of Appeals:

10     ***Eastern District of California***

11  1.  *Jones v. Macher*, No. 1:05-cv-257-OWW-SMS (E.D. Cal.) (dismissed for failure to state a

12      claim on May 26, 2005)

13  2.  *Jones v. Milligan,* No. 1:05-cv-307-SMS (E.D. Cal.) (dismissed for failure to state a claim

14      on October 17, 2008)

15     ***Central District of California***

16  3.  *Jones v. Pregerson*, No. 2:15-cv-6797-MWF-PLA (C.D. Cal.) (denying IFP and

17      dismissing as frivolous, malicious, or failure to state a claim on December 4, 2015)

18  4.  *Jones v. Pregerson*, No. 2:16-cv-409-TJH-MRW (C.D. Cal.) (denying IFP and dismissing

19      as frivolous, malicious, or failure to state a claim on January 27, 2016)

20  5.  *Jones v. Wu*, No. 2:16-cv-2698-DDP-SS (C.D. Cal.) (denying IFP and dismissing as

21      frivolous, malicious, or failure to state a claim on October 4, 2016)

22  6.  *Jones v. Pregerson*, No. 2:16-cv-7978-PA-JEM (C.D. Cal.) (denying IFP and dismissing

23      as frivolous, malicious, or failure to state a claim on November 8, 2016)

24  7.  *Jones v. Pregerson*, No. 2:19-cv-7875-GW-JEM (C.D. Cal.) (denying IFP and dismissing

25      as frivolous, malicious, or failure to state a claim on November 4, 2019)

26

27

28

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2

1    *Southern District of California*

2    8.   *Jones v. Hailey*, No. 3:20-cv-215-GPC-KSC (S.D. Cal.) (dismissed for failure to state a

3         claim on August 14, 2020)

4    *Ninth Circuit Court of Appeals*

5    9.   *Jones v. Pregerson*, No. 16-56839 (9th Cir.) (appeal dismissed as frivolous on June 13,

6         2017)

7         A dismissal for a failure to state a claim is a strike for purposes of 28 U.S.C. § 1915(g).

8    *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011). And an appeal

9    dismissed as frivolous constitutes a strike. *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir.

10   2016). Because Plaintiff has incurred at least three prior "strikes, and each was dismissed prior to

11   the commencement of the current action on August 22, 2024, Plaintiff is subject to the section

12   1915(g) bar. Moreover, he is precluded from proceeding IFP in this action unless, at the time he

13   filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v.*

14   *Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

15        The Court has reviewed the complaint in this action and finds that Plaintiff's allegations

16   do not meet the imminent danger exception. Plaintiff alleges Eighth Amendment deliberate

17   indifference to serious medical needs claims against a physician, a correctional sergeant, and an

18   associate warden at Valley State Prison. (Doc. 1.)  Plaintiff appears to allege that his left leg

19   began to swell, he had pain in both legs, and they "turn[ed] black" in June 2024. (*Id*. at 3.)

20   Plaintiff requested pain medication and "treatment w/respects to the dislodge Brokin lead,"

21   apparently in reference to his defibrillator leads dislodging in 2021. (*Id*. at 9, 10.) Dr. Manu

22   Bansal prescribed Tylenol. (*Id*. at 3, 10-11.) Plaintiff also alleges a correctional counselor (not

23   named as a defendant) falsified an appeal log "to help this Dr. cover up his criminal act." (*Id*.)

24   Plaintiff states his legs may have to be amputated. (*Id*.) Plaintiff alleges that Sergeant A. Espinosa

25   was deliberately indifferent by denying his reasonable accommodation request and interfering

26   with his medical treatment. (*Id*. at 4.) By "failing to act" and "ha[ving] no doctor's degree,"

27   Espinosa is causing Plaintiff continued pain and sleep deprivation. (*Id*.; *see also id*. at 11.)

28   Plaintiff contends Associate Warden B. Davi is responsible for reasonable accommodation

                                        3

1   appeals but failed to "check" that the issue complained of had been addressed correctly. (*Id.* at

2   11.) Plaintiff alleges these "claims are ongoing" and that he has "passed through 4 Prisons, and

3   each of them refuse to request for treatment or and referral." (*Id.*) Plaintiff states his claims satisfy

4   the threshold for imminent danger and he seeks damages, injunctive relief, medical treatment, and

5   a transfer. (Doc. 1 at 7, 12.)

6          Plaintiff's allegations are insufficient to establish imminent danger of serious physical

7   injury. A denial of pain medication to treat swelling is insufficient to establish Plaintiff is in

8   imminent danger of serious physical injury. *See, e.g.*, *Harris v. Phillips*, No. 1:23-cv-01343-GSA-

9   PC, 2023 WL 5956984, at *3 (E.D. Cal. Sept. 12, 2023) (finding plaintiff's allegations that on

10  "September 7, 2023, one of the Defendants refused to give him medication for his legs and feet"

11  and that "he was denied medication for swollen feet" do not amount to imminent danger of

12  serious physical injury); *Henderson v. Williams*, No. 03–CV–0216, 2003 WL 21756336, at *1

13  (N.D. Tex. July 30, 2003) (allegations of discontinuance of pain medication and pain and

14  swelling in back and groin insufficient to show imminent danger of serious physical injury).

15  Unlike situations wherein a plaintiff alleges a complete lack of care for a medical condition,

16  Plaintiff disagrees with the course of treatment being offered—he wants something more than

17  Tylenol. That disagreement does not amount to an imminent danger of serious physical injury.

18  *Fletcher v. Sherman*, No. 1:18-cv-01350 JLT (PC), 2019 WL 2375148, at *1 (E.D. Cal. Mar. 14,

19  2019) (finding no imminent danger of serious physical injury where plaintiff alleged that he was

20  denied care for pain under his right eye but had received care and appeared to have a difference of

21  opinion concerning proper course of treatment for pain).

22          Plaintiff's assertion that his legs "may" have to be amputated is purely speculative. *See*

23  *Thompson v. Borges*, No. 17-00561 LEK-KJM, 2018 WL 10139956, at *1 (D. Haw. Jan. 17,

24  2018) (plaintiff's allegations regarding rash that "could have become [gangrene] which could lead

25  possibly to amputation or surgery" did not plausibly demonstrate imminent danger of serious

26  physical injury); *Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at

27  *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present

28  threat, not merely speculative or hypothetical"); *see also Ryan v. Michigan*, No. 2:20-CV-12502,

4

2020 WL 6043439, at *2 (E.D. Mich. Oct. 13, 2020) ("Plaintiff's concerns about potential future harm, such as further nerve damage or muscle loss, paralysis, stroke, heart attack, and death, are speculative and are insufficient to satisfy the exception to the three strikes rule. To be sure, he has managed to carry on despite having most of his ailments for many years and his complaint reflects an ongoing pattern of medical care (although Plaintiff disagrees with the treatment provided)"); *Nichols v. Peppers-Davis*, No. 5:17-CV-00034 KGB/PSH, 2017 WL 8727191, at *2 (E.D. Ark. June 5, 2017) (noting "the Court revoked Nichols's IFP status and dismissed [a previous] case after the Court determined Nichols was not in imminent danger despite the allegation that his feet may have to be 'amputated and/or permanently destroyed'"); *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998) ("vague and utterly conclusory assertions" of imminent danger are insufficient).

To the extent Plaintiff relies on issues concerning his defibrillator, those claims were the subject of numerous prior lawsuits dismissed by other courts, including findings that no imminent danger of serious physical injury was presented. (*See, e.g.*, Docket, *Jones v. Kalinjia*, No. 2:23-cv-00186-DDP-JC (C.D. Cal.), Report and Recommendation issued March 5, 2024 [addressing same and stating: "It appears, rather, that since this alleged condition first presented itself in March 2020, multiple doctors at different facilities have examined plaintiff, including by reviewing x-rays for his chest, and none have found cause for further intervention"].)

The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Here, Plaintiff's medical conditions do not present a genuine emergency where time is pressing, and a threat is real and proximate. Therefore, Plaintiff should be precluded from proceeding *in forma pauperis* in this action. *Andrews*, 493 F.3d at 1052-53.

### III.   ORDER AND RECOMMENDATIONS

Accordingly, the Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

For the reasons set forth above, the Court **RECOMMENDS** that:

1.   Plaintiff's application or motion to proceed IFP (Doc. 2) be **DENIED**; and

2.  Plaintiff be ordered to pay the $405.00 filing fee in full within 30 days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 30, 2024**                              */s/ Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE