**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HENRY A. JONES,<br><br>            Plaintiff,<br><br>    v.<br><br>BANSAL MANU, et al.,<br><br>            Defendants. | Case No.: 1:24-cv-0997 JLT SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, AND DIRECTING PLAINTIFF TO PAY THE FILING FEE<br><br>(Docs. 2, 6) |

Henry A. Jones seeks to proceed *in forma pauperis* in this action, asserting violations of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. 2.) The magistrate judge found Plaintiff has accrued three or more strikes under 28 U.S.C. § 1915, identifying the following actions that were dismissed prior to the filing of this action:

1. *Jones v. Macher*, No. 1:05-cv-257-OWW-SMS (E.D. Cal.) (dismissed for failure to state a claim on May 26, 2005)

2. *Jones v. Milligan*, No. 1:05-cv-307-SMS (E.D. Cal.) (dismissed for failure to state a claim on October 17, 2008)

3. *Jones v. Pregerson*, No. 2:15-cv-6797-MWF-PLA (C.D. Cal.) (denying IFP and dismissing as frivolous, malicious, or failure to state a claim on December 4, 2015)

4. *Jones v. Pregerson*, No. 2:16-cv-409-TJH-MRW (C.D. Cal.) (denying IFP and dismissing as frivolous, malicious, or failure to state a claim on January 27, 2016)

5. *Jones v. Wu*, No. 2:16-cv-2698-DDP-SS (C.D. Cal.) (denying IFP and

dismissing as frivolous, malicious, or failure to state a claim on October 4, 2016)

6. *Jones v. Pregerson*, No. 2:16-cv-7978-PA-JEM (C.D. Cal.) (denying IFP and dismissing as frivolous, malicious, or failure to state a claim on November 8, 2016)

7. *Jones v. Pregerson*, No. 2:19-cv-7875-GW-JEM (C.D. Cal.) (denying IFP and dismissing as frivolous, malicious, or failure to state a claim on November 4, 2019)

8. *Jones v. Hailey*, No. 3:20-cv-215-GPC-KSC (S.D. Cal.) (dismissed for failure to state a claim on August 14, 2020)

9. *Jones v. Pregerson*, No. 16-56839 (9th Cir.) (appeal dismissed as frivolous on June 13, 2017)

(Doc. 6 at 2-3.) Thus, the magistrate judge found "Plaintiff is subject to the section 1915(g) bar." (*Id.* at 3.)

In addition, the magistrate judge found Plaintiff did not satisfy "the imminent danger exception." (*Id.* at 3.) The magistrate judge found Plaintiff's alleged "denial of pain medication to treat swelling is insufficient to establish Plaintiff is in imminent danger of serious physical injury." (*Id.* at 4, citing, *e.g.*, *Harris v. Phillips*, 2023 WL 5956984, at *3 (E.D. Cal. Sept. 12, 2023) [allegations that "one of the Defendants refused to give him medication for his legs and feet" and that "he was denied medication for swollen feet" did not amount to imminent danger of serious physical injury].) The magistrate judge observed that while Plaintiff wanted more than Tylenol for treatment, his disagreement "with the course of treatment being offered… does not amount to an imminent danger of serious physical injury." (*Id.*, citing *Fletcher v. Sherman*, 2019 WL 2375148, at *1 (E.D. Cal. Mar. 14, 2019).) Furthermore, the magistrate judge found "Plaintiff's assertion that his legs 'may' have to be amputated is purely speculative." (*Id.* at 4.) Finally, the magistrate judge found, "to the extent Plaintiff relies on issues concerning his defibrillator, those claims were the subject of numerous prior lawsuits dismissed by other courts, including findings that no imminent danger of serious physical injury was presented." (*Id.*, citing *Jones v. Kalinjia*, No. 2:23- cv-00186-DDP-JC (C.D. Cal March 5, 2024)). The magistrate judge found Plaintiff's medical conditions "do not present a genuine emergency where time is pressing, and a threat that is real and proximate." (*Id.*) Therefore, the magistrate judge recommended

2

1   Plaintiff's motion to proceed *in forma pauperis* be denied and he be directed to pay the filing fee.
2   (*Id.* at 5-6.)

3       Plaintiff filed objections to the Findings and Recommendations on September 10, 2024
4   (Doc. 7), which were followed by an appeal to the Ninth Circuit (Doc. 8).  After the Ninth Circuit
5   dismissed the appeal for lack of jurisdiction (Doc. 11), Plaintiff again filed a document indicating
6   his objections on September 25, 2024 (Doc. 12.)  In his objections, Plaintiff indicates that he was
7   diagnosed with neuropathy, and this satisfies the "imminent danger" exception.  (Doc. 7 at 1,
8   citing, *Price v. Igbal*, 2021 U.S. Dist. LEXIS 129655 (E.D. Cal. July 9, 2021); *Hamby v. Parker*,
9   307 F. Supp. 3d 822 (M.D. Tenn. 2018); *Foster v. Ohio D.R.C.*, 2023 U.S. Dist. LEXIS 24492
10  (S.D. Oh. Feb. 13, 2023); *Doss v. Corizon Health Servs.*, 2015 U.S. Dist. LEXIS 77042 (N.D. Fl.
11  May 11, 2015).)  In addition, Plaintiff asserts a belief that denial of his motion to proceed *in*
12  *forma pauperis* is "in retaliation" for his filing of a civil rights action against Judge Dean
13  Pregerson. (*Id.*)

14      Significantly, Plaintiff's assertion that the Court's ruling is retaliatory for a complaint
15  against Judge Pregerson is unfounded.  This Court is in a different district and has no connection
16  to his case against Judge Pregerson in the Central District, or Plaintiff's subsequent appeal to the
17  Ninth Circuit.  There is clearly no showing of bias by this Court.  Rather, this Court limited its
18  review of the prior cases—including those against Judge Pregerson—to determine whether the
19  dismissals qualified as strikes under Section 1915.

20      Plaintiff also fails to show that his diagnosis alone of neuropathy supports a conclusion
21  that he is in imminent danger of serious physical injury.  Although Plaintiff cites several cases in
22  which plaintiffs with neuropathy were permitted to proceed *in forma pauperis*, he fails to explain
23  how the cases are like the facts and allegations now before the Court.  Indeed, the Court's review
24  of the allegations indicates several of the cases may be distinguished.  In *Price*, *Foster*, and
25  *Hambly*, the plaintiffs reported their conditions were untreated.  *See Price*, 2021 U.S. Dist.
26  LEXIS 129655, at *8 (holding the plaintiff's "allegation that he suffers *untreated* neuropathic
27  pain and is at risk of falling is sufficient to support an inference of imminent danger of serious
28  physical jury" [emphasis added]); *Foster*, 2023 U.S. Dist. LEXIS 24492 at *10 (addressing the

allegation that "prison medical staff have *left untreated* his chronic pain conditions, which include neuropathy" [emphasis added]); *Hamby*, 307 F.Supp.3d at 826 (addressing allegations that the defendants "refused any treatment or medication" for the plaintiff's "severe neuropathy").  In contrast, here, Plaintiff is receiving pain medication, though he disagrees with the treatment provided.  Distinguishing plaintiffs from those *not* receiving treatment and those plaintiffs who are receiving treatment but believe it is inadequate—such as Plaintiff— is supported by *Doss*.  In *Doss*, the court denied a request to proceed *in forma pauperis* because the plaintiff was receiving medication for his neuropathic pain, though he disagreed with the treatment.  *See Doss*, 2015 U.S. Dist. LEXIS 77042, at *13 ("Taken as a whole, Plaintiff's complaint takes issue with the medications he has been provided for neuropathy pain, but that is not a basis for imminent danger.")  Consequently, the Court finds Plaintiff fails to show that his neuropathy itself show he satisfies the "imminent danger" exception.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations to be supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued August 30, 2024 (Doc. 6) are **ADOPTED** in full.
2. Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is **DENIED**.
3. Plaintiff **SHALL** pay the full $405 filing fee for this action within 30 days of the date of service of this order.
4. **Failure to pay the filing fee will result in the dismissal of this action.**

IT IS SO ORDERED.

Dated:   **October 21, 2024**

UNITED STATES DISTRICT JUDGE

4